124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Pastori M. BALELE, Plaintiff-Appellant,
v.
DEPARTMENT OF INDUSTRY, LABOR AND HUMAN RELATIONS,
Department of Workforce Development, Department of
Employment Relations, Division of Merit Recruitment and
Selection, Department of Administration, capacity as State's
Attorney of Cook County, Defendants-Appellees.
 No. 97-1234.
 United States Court of Appeals, Seventh Circuit.
 Submitted August 13, 1997.
Decided Sept. 2, 1997.[1]
 
 Appeal from the United States District Court for the Western District of Wisconsin. No. 96 C 782.
 Before RIPPLE, ROVNER, EVANS, Circuit Judges.
 ORDER
 SHABAZ, J.
 
 
 1
 In this Title VII case, Pastori M. Balele alleges that defendants refused to hire him for two positions because of his race (African-American) and in retaliation for previous lawsuits filed by Balele against them. The parties filed cross-motions for summary judgment, and the district court entered summary judgment in favor of defendants. Balele appeals.[2]
 
 
 2
 In 1994, the Department of Industry, Labor and Human Relations (DILHR) hired Wade Dyke for the position of Director of Office of Workforce Excellence (OWE). Balele sued, and we affirmed summary judgment in favor of defendants, finding that Carol Skornicka, Secretary of DILHR, did not unlawfully discriminate or retaliate against Balele. Balele v. Skornicka, No. 95-2948 (7th Cir. Jan. 11, 1996) (unpublished decision, consolidated with appeal Nos. 94-1117, 94-2777, 95-1137), 1996 WL 15825. In March 1995, Dyke left the position and the DILHR selected Vicki Poole (a white female) to fill a project appointment position of Director of OWE. Several days after Poole's appointment, Balele submitted a written request that he be considered for and appointed to the position. Balele now alleges that Poole's appointment also unlawfully discriminated against him.
 
 
 3
 Our review of an order granting summary judgment is de novo. Bahl v. Royal Indemn. Co., 115 F.3d 1283, 1289 (7th Cir.1997). We examine the record in the most favorable light to the nonmoving party and draw all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the record could lead no rational trier of fact to find for the nonmoving party, we must conclude that no genuine issue remains for trial, and the motion for summary judgment should be granted. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 
 4
 The DILHR did not advertise or otherwise solicit applications for the positions. The district court found that Balele failed to make out a prima facie case of discrimination, see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), since he did not apply for the administrator position, and applied for the director position despite the fact that it had never been open to applicants and had already been filled. Similarly, defendants argue that no prima facie case can be made because defendants were not "seeking applicants, [Balele] did not apply for the positions, he was not rejected for the positions, and the position[s] did not remain open." (Appellee's Brief, p. 14.) However, Balele was not required to prove that he had applied for an open position. Instead, he would only have to show that he would have applied, given the opportunity to do so, see Taylor v. Canteen Corp., 69 F.3d 773, 781 (7th Cir.1995) ("our case law supports the view that Taylor should not be penalized for failing to apply for a specific job as long as the record suggests, as a reasonable inference, that he would have applied for specific positions had he known of their availability"); Loyd v. Phillips Brothers, Inc., 25 F.3d 518, 523 (7th Cir.1994) (prima facie case of discrimination shown by establishing that but for the employer's proactive of not soliciting applications, "she likely would have been approached" and "would have accepted the offered position"). Balele presents sufficient evidence, including his actual application filed after Poole was appointed, that he would have applied for the positions had he known of their availability.
 
 
 5
 It is possible that in certain circumstances an employer's failure to advertise or post a position might give rise to an inference of intentional discrimination. See EEOC v. Consolidated Service Systems, 989 F.2d 233, 236-37 (7th Cir.1993) (comparing disparate treatment and disparate impact elements in cases involving word-of-mouth recruitment). However, that does not automatically mean that failure to advertise constitutes discrimination. EEOC v. Chicago Miniature Lamp Works, 947 F.2d 292, 298 (7th Cir.1991) ("We cannot conclude as a matter of law that it is impossible for an employer to discriminate intentionally against blacks by relying on word-of-mouth to provide its applicants.").
 
 
 6
 Regardless defendants presented legitimate, non-discriminatory reasons why Poole was selected by Skornicka instead of opening up the position to an application process. Poole was highly recommended by the incumbent director, Dyke, had extensive work history in the fields of education, vocational employment, and business; had substantial management experience; and her personal style was thought to suit the job well. Skornicka also believed it was crucial that the director position be filled immediately after Dyke terminated his employment at the end of March, since April was a critical time for marketing the programs administered by OWE.
 
 
 7
 Balele has failed to rebut this evidence by showing that defendants' actions were discriminatorily motivated. There is no indication that no application process took place due to a coverup for discrimination. We also find specious Balele's argument that pretext is shown by the fact that the OWE was converted into the Division of Workforce Excellence, something accomplished by the governor of Wisconsin and by the Wisconsin legislature in 1995 as a part of a major reorganization of Wisconsin state government Thus, even if a prima facie case was established by Balele, he failed to show that the legitimate reasons given by defendants were pretextual. Consequently, we find that Balele failed to show a dispute as to a material issue of fact which might preclude summary judgment on the race discrimination claim.
 
 
 8
 Balele also argues that this type of word-of-mouth recruiting has a disparate impact against racial minorities. See Griggs v. Duke Power Co., 401 U.S. 424 (1971). However, Balele has failed to submit sufficient statistical or other evidence to preclude summary judgment. See Vitug v. Multistate Tax Com'n, 88 F.3d 506, 513 (7th Cir.1996). Cf. EEOC v. O & G Spring and Wire Forms Specialty Co., 38 F.3d 872 (7th Cir.1994).
 
 
 9
 In regard to the retaliation claim, Balele has simply not provided any evidence to support his assertion that he applied for and was rejected from a position on the basis of engaging in protected activity. See Hunt-Golliday v. Metropolitan Water Reclamation District of Greater Chicago, 104 F.3d 1004 (7th Cir.1997).
 
 
 10
 Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [2]
 This is the ninth appeal filed from Balele's many unsuccessful lawsuits related to various promotions and positions denied by Balele's employer, the state of Wisconsin. This court recently entered an order prohibiting the pro se plaintiff, Pastori M. Balele, from filing any papers in the federal courts in the Seventh Circuit until he meets certain requirements. Balele v. Barnett, No. 96-1133 (7th Cir. April 29, 1997) (unpublished order). However, the court expressly permitted Balele to proceed with the appeal in this case, No. 97-1234, since the appeal had been fully briefed at the time the filing restrictions were imposed